**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heather Angel Hiduchick, | No. CV-19-08179-PCT-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Heather Hiduchick's Applications for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial and an Opening Brief (Doc. 16). Defendant SSA filed an Answering Brief (Doc. 19), and Plaintiff filed a Reply (Doc. 22). The Court has reviewed the briefs and Administrative Record ("AR") (Doc. 11) and reverses the Administrative Law Judge's ("ALJ") decision (AR at 14-26) and remands this matter for a new hearing for the reasons addressed herein.

## I.    Background

Plaintiff filed an Application for SSDI and SSI benefits on May 22, 2015, alleging a disability beginning on November 10, 2013. (AR 14). Plaintiff's claims were initially denied on October 21, 2015, and upon reconsideration on March 25, 2016. (*Id.*) A hearing was held before ALJ Tin Chen on February 1, 2018. (*Id.* at 32-76). Plaintiff was 45 years old at the time of the hearing and held previous employment as a bookkeeper and assistant

1   retail store manager. (*Id.*) Plaintiff's Applications were denied by the ALJ on July 5, 2018.

2   (*Id*. at 26).  Thereafter, the Appeals Council denied Plaintiff's Request for Review of the

3   ALJ's decision and this appeal followed.  (Doc. 1).

4          After considering the medical evidence and opinions, the ALJ evaluated Plaintiff's

5   disability claim based on the severe impairments of bipolar disorder, agoraphobia, anxiety

6   disorder, and depressive disorder.  (AR 17).  While the ALJ noted that Plaintiff's severe

7   impairments limited her ability to perform basic work activities, the ALJ determined that

8   Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all

9   exertional levels, and thus was not disabled.  (*Id.* at 29).

10          Plaintiff argues that the ALJ committed harmful error in rejecting the assessment of

11   Licensed Associate Counselor ("LAC") Karen Marzullo without giving germane reasons

12   for doing so, in improperly considering the opinions of Dr. Celia A. Drake, and in

13   discounting her subjective symptom testimony without providing clear and specific reasons

14   for doing so.  (Doc. 16 at 2).  Plaintiff argues this matter should be remanded for an award

15   of benefits.  (*Id.* at 28-29).  The Commissioner argues that the ALJ did not err in the

16   consideration of Marzullo's opinions or in addressing Plaintiff's symptom testimony.

17   (Doc. 19).  However, the Commissioner concedes that the ALJ erred in the consideration

18   of Dr. Drake's opinions, arguing that remand of this matter is necessary for a new hearing

19   and decision.  (*Id.*)  The Court has reviewed the medical record and will discuss the

20   pertinent evidence in addressing the issues raised by the parties.

21   **II.     Legal Standards**

22          An ALJ's factual findings "shall be conclusive if supported by substantial

23   evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019).  The Court may set aside

24   the Commissioner's disability determination only if it is not supported by substantial

25   evidence or is based on legal error.  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

26   Substantial evidence is relevant evidence that a reasonable person might accept as adequate

27   to support a conclusion considering the record as a whole.  *Id.*  Generally, "[w]here the

28   evidence is susceptible to more than one rational interpretation, one of which supports the

1   ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947,

2   954 (9th Cir. 2002) (citations omitted).   In determining whether to reverse an ALJ's

3   decision, the district court reviews only those issues raised by the party challenging the

4   decision.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

5          To determine whether a claimant is disabled for purposes of the Act, the ALJ

6   follows a five-step process.  20 C.F.R. § 404.1520(a).  The claimant bears the burden of

7   proof on the first four steps, but the burden shifts to the Commissioner at step five.  *Tackett*

8   *v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  At the first step, the ALJ determines whether

9   the claimant is presently engaging in substantial gainful activity.    20 C.F.R.

10   §404.1520(a)(4)(i).  At step two, the ALJ determines whether the claimant has a "severe"

11   medically determinable physical or mental impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  At

12   step three, the ALJ considers whether the claimant's impairment or combination of

13   impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P

14   of 20 C.F.R. Part 404.  20 C.F.R. § 404.1520(a)(4)(iii).  If so, the claimant is automatically

15   found to be disabled.  *Id.*  At step four, the ALJ assesses the claimant's RFC and determines

16   whether the claimant is still capable of performing past relevant work.   20 C.F.R.

17   § 404.1520(a)(4)(iv).   If not, the ALJ proceeds to the fifth and final step, where she

18   determines whether the claimant can perform any other work in the national economy

19   based on the claimant's RFC, age, education, and work experience.   20 C.F.R.

20   § 404.1520(a)(4)(v).  If not, the claimant is disabled.  *Id.*

21   **III.    Analysis**

22          Plaintiff argues that the ALJ committed harmful error in rejecting the assessment of

23   LAC Marzullo without giving germane reasons for doing so, in improperly considering the

24   opinions of consultive examiner Dr. Celia A. Drake, and in discounting Plaintiff's

25   subjective symptom testimony without providing clear and specific reasons for doing so.

26   (Doc. 16 at 2).  The Court will address these issues in turn.

27          **A.    The ALJ erred in considering the opinion of consultive examiner, Dr.
28          Celia A. Drake.**

1
2
3
4
5
6
7

Here, both parties agree that the ALJ improperly considered the opinion of consultive examiner, Dr. Celia A. Drake.  (Doc. 16 at 22-24; Doc 19 at 23-24).   In particular, the Commissioner concedes that while the ALJ accorded both "great" and "significant" weight to Dr. Drake's opinion, the ALJ did not account for Dr. Drake's opinions as to the effect of Plaintiff's impairments in the RFC assessment, or explain how Dr. Drake's opinion impacted the RFC finding.  (Doc. 19 at 23-24).   Therefore, the Court finds harmful error here.

8
9

### B.   The ALJ gave germane reasons to give little weight to the opinion of Karen Marzullo.

10
11
12

Plaintiff argues that the ALJ failed to give germane reasons to reject the opinion of her counselor, Ms. Marzullo.  (Doc. 16 at 16).  Plaintiff argues that the Court should credit Marzullo's opinion as true and remand this matter for an award of benefits.

13
14
15
16
17
18
19
20
21
22
23
24

At the time Plaintiff filed her Application, Ms. Marzullo, a counselor, was not considered an "acceptable" medical source, but rather was an "other source" opinion. *Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017).  Thus, to reject her opinion, the ALJ only needed to provide "germane" reasons for doing so.  *Id.* at 906; *see also* 20 C.F.R. § 406.913(a) (defining acceptable medical sources as licensed physicians and psychologists), 416.913(d) (defining other sources as medical professionals not listed in subsection (a)); *Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (per curiam) (ALJ need only give germane reasons to reject an "other source" opinion).  Thus, while merely stating that Marzullo's status as an unacceptable medical source would not be a germane reason to reject her opinion, the ALJ cited multiple reasons to give this opinion little weight.  *See Camilli v. Berryhill*, No. 18-CV-06322-JSC, 2019 WL 3412921, at *8 (N.D. Cal. July 29, 2019) (citing *Popa*, 872 F.3d at 907).

25
26
27
28

Marzullo completed a two-page check-box questionnaire where she opined that Plaintiff had moderate limitations in her ability to understand, remember, and carry out instructions, and had marked to extreme limitations in her ability to maintain attention and concentration.  (AR 985-86).  Marzullo also opined to extreme limitation in Plaintiff's

- 4 -

1    ability to interact with others.  (*Id.*)  Marzullo concluded by checking a box that Plaintiff

2    could perform a job for eight hours per day for five days per week on a sustained basis less

3    than 50% of the time.  (*Id.*)

4         The ALJ first noted that this opinion was not supported by the objective medical

5    evidence.  *See* 20 C.F.R. § 404.1527(c)(4) (the ALJ is charged with evaluating the

6    "consistency of [an] opinion with the record as a whole").  The ALJ specifically discussed

7    clinical findings and examination notes describing Plaintiff's cooperative demeanor,

8    logical thought process, attention, and stable moods.  (AR 23).

9         The ALJ also stated that the two-page form contained only checks, and that

10   Marzullo did not provide additional support or comments for any of her opined limitations.

11   (*Id.* at 22).  While Plaintiff contends that this is not a germane reason to reject this opinion,

12   Plaintiff's arguments are misplaced.  First, the cases cited by Plaintiff in this section relate

13   to treating physicians, not "other source" opinions.  (Doc. 16 at 21).  Moreover, the

14   regulations instruct the ALJ to give weight to the source opinion evidence based on the

15   explanation provided by the source to support the opinion.  *See* 20 C.F.R. § 404.1527(c)(3)

16   ("The better an explanation a source provides for a medical opinion, the more weight we

17   will give that medical opinion.").  The ALJ did not err in noting that there was no

18   explanation accompanying the checked boxes.

19        Lastly, the ALJ considered the length of the treatment relationship, noting that it

20   appeared that Marzullo completed the check-box form after meeting Plaintiff only once.

21   (AR 22).  Plaintiff acknowledged that she met with Marzullo for the specific purpose of

22   obtaining an evaluation for her Application.  (*Id.* at 65).  As the regulations instruct the

23   ALJ to consider the length and nature of the treatment relationship when weighing source

24   opinions, the ALJ did not err by noting the short period of the treatment relationship.  *See*

25   20 C.F.R. § 404.1527(c)(2) ("Generally, the longer a treating source has treated you and

26   the more times you have been seen by a treating source, the more weight we will give to

27   the source's medical opinion.").

28        Based on all these reasons, the ALJ determined that Marzullo's opinions would be

- 5 -

1    given little weight.  The Court finds that the ALJ provided germane reasons for giving little

2    weight to this opinion.  The ALJ did not err here.

3           **C.    The ALJ provided specific, clear, and convincing reasons supported by

4           substantial evidence for rejecting Plaintiff's symptom testimony.**

5           Plaintiff argues that the ALJ did not give legitimate and convincing reasons

6    supported by substantial evidence for discounting her subjective symptom testimony.

7    (Doc. 16 at 24-28).  The Commissioner argues that the ALJ properly examined the medical

8    evidence to determine that the record did not support Plaintiff's testimony as to the severity

9    of her symptoms.  (Doc. 19 at 14-19).

10          An ALJ must evaluate whether the claimant has presented objective medical

11   evidence of an impairment "which could reasonably be expected to produce the pain or

12   symptoms alleged."  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)

13   (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal citations

14   omitted)).  In evaluating a claimant's pain testimony after a claimant produces objective

15   medical evidence of an underlying impairment, "an ALJ may not reject a claimant's

16   subjective complaints based solely on a lack of medical evidence to fully corroborate the

17   alleged severity of pain."  *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).  However,

18   the ALJ may "reject the claimant's testimony about the severity of [the] symptoms"

19   provided that the ALJ also explains his decision "by providing specific, clear, and

20   convincing reasons for doing so."  *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir.

21   2015).  The ALJ may also consider "'whether the claimant engages in daily activities

22   inconsistent with the alleged symptoms.'"  *Id.* (quoting *Lingenfelter v. Astrue*, 504 F.3d

23   1028, 1040 (9th Cir. 2007)).  "Even where those activities suggest some difficulty

24   functioning, they may be grounds for discrediting the claimant's testimony to the extent

25   that they contradict claims of a totally debilitating impairment," *Id.* at 1113, or where they

26   suggest that "later claims about the severity of [the] limitations were exaggerated,"

27   *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009).

28          Plaintiff alleged that she suffered from medical conditions that cause fatigue,

1
2
3
4
5
6

depression, anxiety, self-isolation, night terrors, difficulty hearing and remembering, and difficulty concentrating and getting along with others. (AR 39-77). Plaintiff testified that she often feared leaving her home and that she had profound agoraphobia. (*Id.*) Despite these symptoms, Plaintiff testified that she cares for her cats, manages personal care and hygiene, prepares meals, drives, goes shopping, and likes to read, do crossword puzzles, and messages with friends and family. (*Id.*)

7
8
9
10
11

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms alleged, but that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not consistent with the medical evidence, including her own statements and testimony regarding activities of daily living. (*Id.* at 22).

12
13
14
15
16

To support this finding, the ALJ discussed treatment records showing that Plaintiff's symptoms generally improved with medications, including medical marijuana, when Plaintiff was compliant with taking her medications. (AR 329-33). The ALJ also noted that at that time, Plaintiff reported that functioning was not difficult at all, and that she had a generally normal mental status examination. (*Id.*)

17
18
19
20
21
22
23
24
25
26
27
28

The ALJ also discussed Plaintiff's testimony about her daily activities and found these to be inconsistent with her allegations of disabling symptoms. The ALJ noted that Plaintiff took a trip to Boston in 2015, and later gave widely varying accounts of her symptoms on this vacation. (AR 22). To medical providers, Plaintiff reported that she spent the trip socializing, reconnecting with friends, had a positive experience, had no desire to come home, and had an "amazing" time attending an NFL football game. (*Id.* at 459). At the hearing, Plaintiff testified that this trip was stressful, required her to be tranquilized for the flights, and that when she got to Boston, all she wanted to do was come home. (*Id.* at 53). The ALJ found that her ability to travel to Boston and attend a professional football game at a full NFL stadium runs counter to her claims of profound agoraphobia. (*Id.* at 22). Indeed, the ALJ is responsible for addressing such inconsistencies. *See* 20 C.F.R. § 404.1529 (c)(4) ("We will consider whether there are any

1    inconsistencies in the evidence and the extent to which there are any conflicts between your

2    statements and the rest of the evidence, including your history, the signs and laboratory

3    findings, and statements by your medical sources or other persons about how your

4    symptoms affect you."). And while Plaintiff argues that it was harmful error for the ALJ

5    to use her travel to question the severity of her symptoms, numerous decisions from the

6    Ninth Circuit hold otherwise. *See Romanelli v. Astrue*, 267 Fed. Appx. 722, 724 (9th Cir.

7    2008) ("ALJ reasonably concluded that Ms. Romanelli's claimed limitation of being

8    unable to stand for more than fifteen minutes at a time was inconsistent with her testimony

9    about her physical activities such as traveling around the United Kingdom for two weeks");

10   *Wennet v. Saul*, 777 Fed. Appx. 875, 877 (9th Cir. 2018) (discounting symptom testimony

11   where claimant travelled to New York and Italy); *Sadeeq v. Colvin*, 607 Fed. Appx. 629,

12   631 (9th Cir. 2015) ("ALJ did not err by concluding that Sadeeq's trip to Mecca for a

13   pilgrimage suggested that the alleged symptoms and limitations may have been

14   overstated.").

15         Lastly, the Court does not agree that the ALJ relied only on her "perceived medical

16   expertise" in discounting Plaintiff's symptom testimony. (Doc. 16 at 26). The ALJ

17   properly concluded that the examinations in the medical record did not support Plaintiff's

18   claims of disabling limitations, and therefore, properly found that her subjective symptom

19   testimony was not persuasive. While Plaintiff may see this evidence in a different light,

20   the Court cannot second-guess the findings of the ALJ when there is no error in the

21   discussion of the symptom testimony. *See Thomas*, 278 F.3d at 954 ("[w]here the evidence

22   is susceptible to more than one rational interpretation, one of which supports the ALJ's

23   decision, the ALJ's conclusion must be upheld."). The Court finds that the ALJ provided

24   specific, clear, and convincing reasons for discounting Plaintiff's symptom testimony. *See*

25   *Brown-Hunter*, 806 F.3d at 488–89.

26   **IV.   Remand for Further Proceedings**

27         Here, the Court has found error in the ALJ's consideration of Dr. Drake's opinion.

28   Once a court has determined an ALJ's decision contains harmful error, the decision

1    whether to remand a case for additional evidence or for an award of benefits is within the

2    discretion of the court.  *Reddick*, 157 F.3d at 728; *Swenson v. Sullivan*, 876 F.2d 683, 689

3    (9th Cir. 1989).  However, the latter is "a rare and prophylactic exception to the well-

4    established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).

5    For the Court to remand for award of benefits, three conditions must be satisfied: "(1) the

6    record has been fully developed and further administrative proceedings would serve no

7    useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting

8    evidence, whether claimant testimony or medical opinion; and (3) if the improperly

9    discredited evidence were credited as true, the ALJ would be required to find the claimant

10   disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).  However,

11   even where each condition is satisfied, the Court may still remand for further administrative

12   proceedings if "an evaluation of the record as a whole creates serious doubt that a claimant

13   is, in fact, disabled." *Id.* at 1021.  "If additional proceedings can remedy defects in the

14   original administrative proceedings, a social security case should be remanded.  "Remand

15   for further proceedings is appropriate where there are outstanding issues that must be

16   resolved before a determination can be made, and it is not clear from the record that the

17   ALJ would be required to find claimant disabled if all the evidence were properly

18   evaluated." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (*citing Vasquez v. Astrue*,

19   572 F.3d 586, 593 (9th Cir. 2009)).

20         Here, it is not clear from the record that the ALJ would be required to find Plaintiff

21   disabled if all the evidence were properly evaluated using the proper standards.  Of note,

22   Plaintiff's Opening Brief appears to argue for an award of benefits if the Court were to find

23   error on either the ALJ's findings as to Plaintiff's symptom testimony or to Ms. Marzallo's

24   opinions, but not as to Dr. Drake's opinion.  (Doc. 16 at 28-29).  The Court has determined

25   that the ALJ properly addressed the inconsistences in Plaintiff's symptom testimony in

26   arriving at the determination to reject that testimony.  The Court has also determined that

27   the ALJ gave germane reasons for giving little weight to Ms. Marzullo's opinion.  Here,

28   further proceedings would be useful given that Dr. Drake's opinion was not meaningfully

1    addressed.  The Court is reluctant to credit this opinion as true and remand for immediate

2    payment of benefits where there was no meaningful analysis of Dr. Drake's opinion and

3    credibility.  The issue is thus best left to the ALJ, as the designated finder of fact, to

4    determine whether this medical opinion evidence, when properly evaluated according to

5    applicable regulatory standards, establishes disability.  Therefore, the Court, in its

6    discretion, finds that a remand for further proceedings is appropriate, to hold a new hearing,

7    reconsider the medical opinion evidence of record, and issue a new decision.

8        Accordingly,

9        **IT IS HEREBY ORDERED** that the decision of the Commissioner is

10   **REVERSED** and this case is **REMANDED** pursuant to sentence four of 42 U.S.C. §

11   405(g) for further administrative proceedings, including a new administrative hearing, to

12   allow the Commissioner to further evaluate the medical opinion evidence, reevaluate

13   Plaintiff's residual functional capacity in light of the reevaluation of the medical opinions,

14   and issue a new decision.

15       **IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment

16   accordingly.

17       Dated this 16th day of November, 2021.

18

19

20   _____
             Honorable Susan M. Brnovich
21              United States District Judge

22

23

24

25

26

27

28